UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YECHIEL GOLDBERGER,

Plaintiff,

-against-

TRANSWORLD SYSTEMS INC.

Defendant.

**MEMORANDUM AND ORDER**
Case No. 25-cv-04367 (FB) (PCG)

*Appearances:*

*For the Plaintiff:*
RAMI SALIM
Stein Saks PLLC
One University Plaza
Suite 620
Hackensack, NJ 07601

*For the Defendants:*
KIRSTEN H. SMITH
Kirsten H Smith
3838 North Causeway Boulevard
Ste 2800
Metairie, LA 70002

AARON R EASLEY
Kirsten H Smith
Sessions, Israel & Shartle, LLC
3 Cross Creek Drive
Flemington, NJ 08822

**BLOCK, Senior District Judge:**

Defendant moves to dismiss plaintiff's claims under Fed. R. Civ. P. 12(b)(1), on the basis of lack of Article III standing. For the following reasons, Defendant's motion is GRANTED.

## I. Background

Plaintiff Yechiel Goldberger ("Plaintiff") brought this putative class action under the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692. Under FDCPA, debt collectors must refrain from harassment and abuse, avoid false or misleading representations, and provide accurate debt disclosures. 15 U.S.C. § 1692d, e, f, g.

The complaint alleges that defendant Transworld Systems Inc. ("Defendant") sent a false and misleading letter suggesting that plaintiff incurred $528.26 in fees for his $2401.20 debt

since no time had passed from the itemization of the debt. Compl. ¶¶ 27-29. Plaintiff claims that the size of the fee and failure to disclose whether the debt would continue to accrue fees or interest is part of defendant's illegal strategy to "introduce a tacit element of confusion" so that the consumer would pay an unwarranted debt. *Id.* ¶¶ 35-38.

Plaintiff alleges he was misled by defendant's letter regarding the legitimacy of the debt, claiming he relied on the letter to his detriment and would have taken different actions absent the alleged violations. Plaintiff further asserted that he expended unspecified time and money in mitigation efforts and suffered negative credit reporting as a result of deceptive practices. *Id.* ¶¶ 44-51. Plaintiff seeks to certify a class of all New York consumers who received defendant's initial letter charging a fee prior to debt itemization within the prescribed timeframe, alleging common FDCPA violations.

## II. Discussion

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks statutory or constitutional power to adjudicate it." *Hui Fen Zhu v. McAleenan*, 501 F. Supp. 3d 139, 140 (E.D.N.Y. 2020) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). When plaintiff's Article III standing is in dispute, plaintiff must demonstrate the "irreducible constitutional minimum of standing:" (1) an injury in fact, (2) that is fairly traceable to the defendant's challenged conduct, and (3) that can be redressed by a judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Injury-in-fact is a concrete and particularized harm, distinct from a bare statutory violation, and is required to establish Article III standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 414 (2021).

Plaintiff fails to meet the injury-in-fact requirement here. Plaintiff relies on *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 81 (2d Cir. 2018), and *Strubel v. Community*

*Bank*, 842 F.3d 181, 189 (2d Cir. 2016), in which the Second Circuit held that FDCPA violations are concrete harm. Pl.'s Opp'n at 3-4. This argument does not survive the *TransUnion* decision and courts in this circuit have found so. *Gregg v. SN Servicing Corp.*, 21-CV-01640 (BMC), 2023 WL 112800, at *2 (E.D.N.Y. Jan. 5, 2023) (collecting cases); *TransUnion*, 594 U.S. at 414 ("[o]nly plaintiffs concretely harmed by a defendant's statutory violation have Article III standing to seek damages against that private defendant in federal court").

Plaintiff's allegations here lack the concrete particularity required to establish injury-in-fact. Plaintiff claims he was "misled and rendered uncertain" about the debt's legitimacy and "would have taken different action." Compl. ¶¶ 45, 47. Plaintiff's confusion from the letter alone is insufficient to support standing. *Cavazzini v. MRS Associates*, 574 F. Supp. 3d 134, 144 (E.D.N.Y. 2021) (collecting cases). Plaintiff's remaining allegations prove equally insufficient.

Beyond that, plaintiff fails to provide any factual details about what action he actually would have taken or why defendant's action prevented it. Similarly, plaintiff asserts he "expended time and money in mitigation efforts" but fails to specify the amount of time, the nature of those efforts, or the sum expended. Compl. ¶¶ 48, 50.

Plaintiff's allegation of reputational damage from negative credit reporting cannot be supported without the actual dissemination of a credit report. There is no allegation that such risk materialized outside of bare recitation. *Id.* ¶ 49 Allegation like this cannot form the basis of Article III standing. *See Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 65 (2d Cir. 2021).

Finally, as a named plaintiff, the plaintiff must allege and show that he has been personally injured and cannot rely on injury that has been suffered by other, unidentified members of the class. *See Simon v. E. Kentucky Welfare Rts. Org.*, 426 U.S. 26, 40 n.20 (1976).

## III. Conclusion

Defendant's motion is GRANTED and the complaint is dismissed.

**SO ORDERED.**

_/S/ Frederic Block___________
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 24, 2026